UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

In Re:                                                                    Bankruptcy No. 17-80769

Sonia Lenett Lewis-Butler,                                      Chapter 7

    Debtor.
_____/

**ORDER DENYING MOTION TO REVOKE DISCHARGE**

Debtor Sonia Lenett Lewis-Butler petitioned for bankruptcy relief under Chapter 7 of the Bankruptcy Code on May 31, 2017.  Doc. 1. The Court entered a discharge in her case on September 11, 2017. Doc. 20.  Three days later, Debtor filed a Motion to Revoke Discharge to file a reaffirmation agreement.  Doc. 21.  In her motion, Debtor asserts she wishes to reaffirm her debt with Regional Acceptance Corporation. Id.  Debtor requests the Court allow her to revoke her Chapter 7 discharge to "file another document with the courts." Id.

With certain exceptions, the Bankruptcy Code grants individual Chapter 7 debtors a discharge of their debts. See 11 U.S.C. §§ 523, 727.  Debtors may, however, voluntarily agree to repay or reaffirm certain debts, which are then excepted from discharge.  See 11 U.S.C. § 524.  Rule 4008 of the Bankruptcy Rules imposes a deadline for filing a reaffirmation agreement.  Specifically, the rule provides the reaffirmation agreement must be filed no later than 60 days after the first date set for the meeting of creditors under section 341.  Fed. R. Bankr. P. 4008.  The court may "at any time and in its discretion, enlarge the time to file a reaffirmation agreement." Id.  This discretion is limited, however, by section 524.

1

Section 524(c) governs the enforceability of reaffirmation agreements. It provides that a reaffirmation agreement is enforceable only to the extent enforceable under non-bankruptcy law and only if the agreement was made before the court granted discharge under section 727. 11 U.S.C. § 524(c)(1). Accordingly, if a debtor and a creditor enter into a reaffirmation agreement after the court granted discharge, the agreement is unenforceable. See In re Wills, 2015 WL 1321488, at *1 (Bankr. N.D. Ohio, Mar. 19, 2015) (holding "any reaffirmation agreement that the parties entered into [after debtor's discharge] would not comply with § 524 and would not be enforceable, regardless whether the court enlarged the filing deadline and Debtor then filed the agreement."); In re Minor, 2012 WL 4482575, *2 (Bankr. N.D. Iowa Sept. 26, 2012) ("The elements of a valid reaffirmation agreement are . . . the debtor must enter into a reaffirmation agreement prior to discharge.") (citation omitted).

The timing requirement of section 524(c)(1) is strictly construed. See In re Nichols, 2010 WL 4922538, at *2 (Bankr. N.D. Iowa Nov. 29, 2010) ("Because reaffirmation agreements are not favored, strict compliance with § 524(c) is mandated."); In re Herrera, 380 B.R. 446, 450 (Bankr. W.D. Tex. 2007) (citations omitted) ("Because reaffirmation agreements are effectively waivers of discharge with respect to a particular creditor, they are *exceptions* to the 'fresh start' policy of the bankruptcy process. As such, the reaffirmation exception is strictly construed, and the requirements imposed for their enforceability are themselves enforced rigidly."); 4 Collier on Bankr. ¶ 524.04 (16th ed. 2008). It cannot be waived or extended. In re Nichols, 2010 WL 4922538, at *1 (citing In re Golladay, 391 B.R. 417, 424 (Bankr. C.D. Ill. 2008)); see also In re Herrera, 380 B.R. at 450 (noting that the reaffirmation deadline "cannot be altered even by the agreement

2

of both parties to the proposed agreement."); In re Parthemore, 2013 WL 3049291, at *2 (Bankr. N.D. Ohio June 17, 2013) ("Notwithstanding that the filing deadline may be extended by the court 'at any time,' the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge."). Courts faced with a motion seeking to revoke or vacate a discharge to permit a debtor to file a reaffirmation agreement typically decline to do so because such an order circumvents the strict deadline imposed under section 524(c)(1). See In re Goff, 2016 WL 3283397, at *2 (Bankr. E.D. Okla. June 7, 2016) ("Seeking to vacate a discharge is just a way of circumventing § 524(c) by changing the deadline to file a reaffirmation agreement. This essentially nullifies the meaning of a deadline."); In re Nichols, 2010 WL 4922538, at *2; In re Golladay, 391 B.R. at 424.

The court granted Debtor a discharge September 11, 2017. Because Debtor did not enter into a reaffirmation agreement with Regional Acceptance Corporation prior to her discharge, any proposed agreement would be unenforceable. Granting Debtor's motion to revoke discharge to file a reaffirmation agreement would, therefore, be futile.

Therefore, IT IS ORDERED that Debtor's Motion to Revoke Discharge to file a reaffirmation agreement [Doc. 21] is DENIED.

      /s/ Shon Hastings
SHON HASTINGS, JUDGE
UNITED STATES BANKRUPTCY COURT